FILED
9/27/2019 2:13 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L010645

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GREENPOINT TACTICAL INCOME FUND, LLC, a Wisconsin Limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ███████████ <br><br> Defendant. | Case No. 2019L010645 |

## COMPLAINT

Plaintiff, Greenpoint Income Tactical Fund, LLC ("Greenpoint"), by and through its undersigned attorney, and for its complaint against Defendant ███████████, stating as follows:

### JURISDICTION AND VENUE

1. Greenpoint is a Wisconsin limited liability company with its principle place of business at 22 East Mifflin Street, Suite 302, Madison Wisconsin.

2. Defendant is a resident of ███████████, ███████ who holds herself out as a licensed and qualified appraiser of gems and minerals.

3. Jurisdiction and venue are therefore properly vested in the Circuit Court of Cook County, Illinois.

### FACTUAL BACKGROUND

4. Eric John Hallick ("Hallick") is an investor in Greenpoint, which is a fund that owns various precious gems and minerals.

5. A dispute arose between Hallick and Greenpoint which was resolved in mediation on April 13, 2019 (the "mediation") in which a settlement agreement was entered into whereby Greenpoint agreed to turn over the ownership of $15 million of the Greenpoint's gems and minerals. Pursuant to the settlement agreement, an independent appraiser was to be retained to appraise the value of Greenpoint's gems and minerals. Hallick would be entitled to $15 million worth of the selected precious gems and minerals

6. Three years ago, Greenpoint had a subset of its gem and mineral holdings appraised at $45 million. That subset is the collection of gems and minerals that Hallick subsequently selected as the items to be valued for his settlement.

7. Defendant was selected as the appraiser who would determine the "Fair Market Value" of the aforementioned subset of Greenpoint's precious gems and minerals. Once the Fair Market Value was established, Hallick would receive $15 million worth of the gems and minerals as an "In-Kind Distribution" in settlement of his dispute with Greenpoint.

8. In order to preserve the independence of the appraiser, the Settlement Agreement between Hallick and Greenpoint specifically provided that:

> No party shall speak to, email, or otherwise communicate with ▉▉▉▉ ▉▉▉ (or other mutually agreeable appraiser) without coordinating such communication with the other parties and inviting the other parties to participate in the communication.

9. Subsequently, in violation of the Settlement Agreement Hallick engaged in a number of unilateral communications with Defendant and, on information and

belief, conspired with him to undervalue the precious gems and minerals that Defendant was to appraise.

10. On September 10, 2019, Defendant appraised Hallick's list of Greenpoint's precious gems and minerals at a value of $15,539,000, far below the $45 million valuation given only three years earlier. According to Defendant's valuation, Hallick would be entitled to nearly all of the pieces that Hallick had Defendant appraise, *i.e.* all but $539,000 of the aforementioned subset of Greenpoint's precious gems and minerals.

## COUNT I
### (Negligence)

11. Plaintiff realleges Paragraphs 4 through 11, above, as this, Paragraph 11 of this, Count I, as though fully set forth herein.

12. Defendant owes Greenpoint a duty of care to appraise the subject precious gems and minerals with the standards of a licensed, professional appraiser of precious gems and minerals with sufficient knowledge of comparable private sales.

13. Defendant, however, was grossly negligence in preforming her duties as a professional appraiser in valuing the fair market value of Greenpoint's precious gems and minerals.

14. Plaintiff has been injured as a direct and proximate result of Defendant's professional negligence in the sum of at least $20 million.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendant in the amount of $20 million.

## COUNT II
## (Fraud)

15. Plaintiff realleges Paragraphs 4 through 11, above, as this, Paragraph 15 of this, Count II, as though fully set forth herein.

16. On information and belief, Defendant did not appraise Greenpoint's precious gems and metals at fair market value but, instead, appraised Greenpoint's precious gems and minerals at liquidation value in order to defraud Greenpoint and to enable Hallick to claim the majority of Greenpoint's entire holdings of precious gems and minerals as the $15 million payment in kind due under the Settlement Agreement between Hallick and Greenpoint, which Hallick has now demanded.

WHEREFORE, Plaintiff prays that judgement be entered for Plaintiff and against Defendant in the amount of $20 million.

September 27, 2019

Respectfully Submitted

*[signature]*

One of Plaintiff's attorneys

Nicholas P. Iavarone, Esq.
The Iavarone Firm, P.C.
33 North LaSalle, Suite 1400
Chicago, IL 60602
(312) 637-9466
(800) 417-0580 (fax)

Nicholas P. Iavarone, Esq.
The Iavarone Firm, P.C.
33 North LaSalle, Suite 1400
Chicago, IL 60602
(312) 637-9466
(800) 417-0580 (fax)