UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Greenpoint Tactical Income Fund LLC, and | Case No. 19-29613-gmh |
| GP Rare Earth Trading Account LLC, | Case No. 19-29617-gmh |
| Jointly Administered Debtors. | Chapter 11 (Jointly Administered Under Case No. 19-29613) |

**ORDER**

The debtors have requested a protective order with respect to discovery of information obtained by the U.S. Securities and Exchange Commission ("SEC") in connection with the SEC's motion for the appointment of a chapter 11 trustee (the "Trustee Motion"). The court held a hearing on this request on November 13, 2019. For the reasons stated on the record, the court grants the debtors' request in part and denies it in part as provided in this order. While motivated by concerns raised in the context of the Trustee Motion, this order governs this case generally and any subsequently filed adversary proceeding, unless modified or superseded by subsequent order.

**IT IS ORDERED** that the following procedures will govern the production and use of information and materials in this case and in any related adversary proceeding.

(1) Any party seeking to propound discovery of any type, whether under Federal Rule of Bankruptcy Procedure 2004 or any of the Part VII or IX rules, must first file that discovery request with the court. Filing the discovery request will constitute service on any party who receives ECF notice.

(2) Any objection to the issuance of the filed discovery must be filed within 7 days of the date on which the discovery request is filed—the "**Objection Period**".

(3) No discovery may be served on a party who has not appeared in this case or who does not receive ECF notice until after the Objection Period. If no objection is filed during the Objection Period, the filing party can serve the discovery, unless the court orders otherwise. If an objection is filed during the Objection Period, the discovery cannot be served until the court authorizes that service.

(4) Parties are not required to file responses to discovery requests unless specifically ordered to do so. Parties responding to authorized discovery retain their rights to object to the full extent authorized by the Bankruptcy Rules, unless the court orders otherwise.

(5) **Confidential Information**: Any information in any form obtained by any non-debtor, including without limitation the SEC and the United States trustee ("UST"), from any source that contains (a) the identities of consignees, brokers, other intermediaries and actual and prospective purchasers of debtors' precious gems and minerals, or (b) specifically identifiable prices or values attributed to any gems and minerals owned by debtors including the terms of any sales (whether individually, or in the aggregate, or in any parts thereof; and whether current or in the past), is "**Confidential Information**" for purposes of this order.

(6) The following limitations and procedures govern the production, maintenance, and use of Confidential Information:

   a. Non-debtors, including specifically the SEC and the UST, may share Confidential Information only among lawyers who are prosecuting the Trustee Motion or any other pending or immediately contemplated request for relief in this case or related proceeding, and only for the purpose of such prosecution. Confidential Information may not be used for any other purpose or in any other case or proceeding.

   b. Unless otherwise agreed by the debtors or authorized by the court, any paper revealing Confidential Information may only be filed under seal.

The filing party must simultaneously file a motion to maintain the filing under seal.

    c.   Unless otherwise authorized by the court, a party that includes Confidential Information in a brief or other court filing, must file a redacted version of the filing in the public record that does not reveal the Confidential Information.

    d.   To the extent possible, non-debtors, including specifically the SEC and the UST, intending to file Confidential Information should confer with debtors' counsel before filing that Confidential Information to determine if the debtors will agree to allow the Confidential Information to be filed in the public record.

(7) Confidential Information must not be used or disclosed by non-debtor parties or counsel for those parties or any persons identified in paragraph (8) for any purpose whatsoever other than preparing for and litigating the Trustee Motion or other request for relief in this case (including appeals).

(8) Non-debtor parties and counsel for those parties must not disclose or permit the disclosure of Confidential Information to any other person or entity other than persons and parties bound by this order, except that disclosures may be made in the following circumstances:

    a.   Disclosure may be made to counsel for the SEC, the UST, and other party prosecuting a request for relief against the debtors, and their staff and employees who have direct functional responsibility for the preparation, litigation, and trial of the Trustee Motion or any other request for relief in this case or related proceeding. Any such person to whom counsel for the parties makes a disclosure must be advised of the provisions of this order and advised that the person becomes subject to this order upon receiving Confidential Information after notice of this order, to the extent not previously subject to this order.

    b.   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such

court reporter or person engaged in making photocopies of documents, such reporter or person must be given notice of this order. After being provided notice of the order, those persons' receipt of Confidential Information will be deemed to constitute their agreement to be bound by the terms of this order and to be subject to the jurisdiction of this court for the enforcement of this order.

c. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Trustee Motion or other request for relief in this case or related proceedings. Before disclosure to any expert, any such expert must be given notice of this order. After being provided notice of the order, those persons' receipt of Confidential Information will be deemed to constitute their agreement to be bound by the terms of this order and to be subject to the jurisdiction of this court for the enforcement of this order.

d. Disclosure can be made to the court and court personnel but must be done in accordance with the terms of this order, unless the court otherwise orders.

(9) Except as provided in paragraph (8), the parties and their counsel must keep all Confidential Information secure within their exclusive possession and must place such documents in a secure area.

(10) Any party filing Confidential Information must file the information under seal and file either: (A) a motion to seal the material; or (B) an objection to maintaining the information under seal for use in the court proceeding. If such an objection is filed, the debtors must file a response within 5 business days after the objection is filed or the commencement of the court proceeding in which the information has been identified for use, whichever is earlier. The court may deem the debtors' failure timely to respond to an objection or to otherwise timely contest the use of Confidential Information to be a waiver of the information's confidential status.

(11) **A party filing a paper under seal must do so electronically following the procedures described in the addendum to this order, "Filing a Sealed Document", unless the court otherwise orders in advance of the filing.**

(12) A party may move the court at any time for permission to use specific Confidential Information or documents containing that information in a manner other than as provided in this order.

(13) At the conclusion of the litigation, Confidential Information must be returned to the originating party unless the parties agree to a different treatment, such as destruction.

**IT IS FURTHER ORDERED** that knowing violations of this order may constitute contempt of court. The parties and their counsel are required to make the terms of the protective order known to their agents and are responsible for those agents' use of information received or produced in the course of proceedings in this case.

SO ORDERED.

November 14, 2019

G. Michael Halfenger
Chief United States Bankruptcy Judge

# Filing a Sealed Document

**Filing a Sealed Document**

1. Access Menu:  Bankruptcy>Motions/Applications
2. Enter case number
3. Indicate whether Notice or Certificate of Service is included
4. Select Event:  **SEALED DOCUMENT**
    a. NOTE:  There is also an event titled *Seal* Document.  This is a public Motion to Seal event and will be visible to all users.  Please take care in selecting the appropriate event.
5. Joint Filing Screen; click Next
6. Select Party
7. Upload Sealed File
8. You should now be viewing a warning screen that states:
   **This document and any attachments will be sealed. The document will only be accessible by authorized court staff.**
   If you do not see this screen, please check your event!
   Note:  Only authorized court staff (Judge Halfenger and his designees) will have access to the document.
9. Click Next
10. Type the name of the document in the provided space; click Next
11. Review docket text
12. Submit

After filing, and upon direction from Judge Halfenger, the deputy clerk will grant electronic access to authorized attorneys.

**Please direct any questions to Sean McDermott, 414-290-2704**