THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: May 20, 2020



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Greenpoint Tactical Income Fund LLC and | Case No. 19-29613-gmh |
| GP Rare Earth Trading Account LLC, | Case No. 19-29617-gmh |
| Jointly Administered Debtors. | Chapter 11 (Jointly Administered Under Case No. 19-29613) |

**ORDER APPROVING FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES BY STEINHILBER SWANSON LLP FOR THE PERIOD OCTOBER 5, 2019 THROUGH MARCH 31, 2020**

Steinhilber Swanson LLP filed its first interim application for allowance and payment of fees and expenses for representing both debtors in this case for the period October 8, 2019, through March 31, 2020. ECF No. 394. Steinhilber also requests an administrative claim pursuant to 11 U.S.C. §503(b) for the fees and costs it incurred

representing the debtors in this case between October 5 through 7, 2019, even though the effective date of Steinhilber's employment in this case is October 8, 2019.

I

Susan Ewens, an equity security holder, filed a *pro se* objection to Steinhilber's application. ECF No. 420. She objected that the fees are "unreasonable" and that "[i]t is frivolous if they're billing their time (and my money) on such objections to a survey asking for investors[ ] opinions." *Id.* at 1. No other objections were filed.

Susan Ewens objects to fees that the debtors incurred in connection with their objections to an investor survey that the Official Committee of Equity Security Holders sent to equity security holders; however, any fees incurred as a result of the debtors' objections are not covered by this interim fee request. The record suggests that debtors' counsel first learned of the investor survey on April 2, 2020; therefore, counsel could not have billed time for responding to that survey in this interim fee application which covers October 5, 2019, through March 31, 2020. See ECF No. 373, at 3. In all events, the time detail submitted in support of the application does not show charges relating to the investor survey. To the extent that Ms. Ewens generally objects to the fees as "unreasonable", that objection is too vague to warrant an evidentiary hearing. The court has reviewed the fee statements and is familiar with the level of litigation in this case; the court concludes based on that review and familiarity that the fees are reasonable.

Accordingly, Susan Ewens' objection is overruled without prejudice to her ability to renew her objection in connection with Steinhilber's final application for approval of compensation in this case.

II

As noted above, Steinhilber was approved as counsel for the debtors effective October 8, 2019. ECF No. 41. The debtors filed these cases on October 4, 2019. Steinhilber argues that it is entitled to an administrative expense claim under §503(b)(1) for the fees and costs it incurred representing the debtors in possession between October 5 through 7, 2019. As noted in *In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994), "legal (and other professional) fees during the administration of the estate *become* administrative expenses only to the extent they are approved under §327 or some other section, such as 11 U.S.C. §330 or §1103(a)." However, "when the trustee establishes 'excusable neglect,' the court may give retroactive authorization under §327(a) and Rule 2014(a) for the provision of professional services." *Id*. at 319.

The court construes the request as one to (i) determine that the debtors' failure to file an application to employ counsel until October 8 was the result of excusable neglect, (ii) give retroactive authorization under §327(a) for the services provided by Steinhilber between October 5, 2019, and October 7, 2019; and (iii) approve the interim application for compensation for those services.

The application contends that the debtors filed these bankruptcy cases on an urgent basis to stop a pending arbitration proceeding. ECF No. 394, at 1 & 4. And, once the debtors filed their voluntary petitions, their counsel spent the first few days "providing notice of the commencement of the cases to the litigants and the arbitrator in the Hallick Arbitration, . . . preparing and providing detailed letters about the applicability of the automatic stay to the arbitration, and [ ] participati[ng] in a telephonic arbitration hearing, in order to persuade the arbitrator (as against the adverse position being taken by Hallick) that the commencement of the chapter 11 cases operated as a stay of the arbitration." *Id*. at 4. Based on the explanation and the short amount of time between the filing of the voluntary petitions and the filing of the employment application, the court concludes that the debtors' failure to file an

employment application was the result of excusable neglect and the court retroactively authorizes Steinhilber as counsel to provide services to the debtors in possession between October 5, 2019, and October 7, 2019.

### III

Steinhilber filed an agreed proposed order on May 8. This proposed order authorizes $15,000 less compensation than the amount requested for approval from Greenpoint Tactical Income Fund, from $370,966.44 to $355,966.44. See ECF No. 442, at 1–2.

Accordingly, IT IS HEREBY ORDERED:

1. Steinhilber's request under 11 U.S.C. §§330 and 331 for interim compensation for fees and costs incurred representing Greenpoint Tactical Income Fund from October 5, 2019, to March 31, 2020, is approved in the amount of $357,578 for attorney's fees and $2,283.44 in reasonable and necessary expenses.
2. Steinhilber's request under 11 U.S.C. §§330 and 331 for interim compensation for fees and costs incurred representing GP Rare Earth Trading Account from October 5, 2019, to March 31, 2020, is approved in the amount of $80,764 in attorney's fees and $679.25 in reasonable and necessary expenses.
3. The debtors are authorized to pay the compensation and costs awarded.

# # # # #